Filed 11/30/22  P. v. Gilbert CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PIERRE GILBERT,<br><br>    Defendant and Appellant. | B320021<br><br>(Los Angeles County<br>Super. Ct. No. YA064567) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal; Pierre Gilbert, in pro. per., for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

_____

In March 2006, Pierre Armond Gilbert shot Terry Stanton in the head, killing him.  At trial, Gilbert's counsel argued that because Gilbert might have acted in self-defense, and had said after the shooting that it was an accident, the evidence did not show beyond a reasonable doubt that he had the intent to commit murder.  The jury found Gilbert guilty of second degree murder, and found a firearm allegations to be true, and the trial court sentenced him to a total term of 60 years to life in state prison.  We affirmed the conviction.  (*People v. Gilbert* (Dec. 31, 2012, B233985) [nonpub. opn.], review den. March 13, 2013.)

On July 20, 2020, Gilbert petitioned the superior court for resentencing pursuant to Penal Code section 1172.6, previously section 1170.95.  He alleged that the information filed against him allowed the prosecution to proceed on a theory of felony murder or the natural and probable consequences doctrine; that he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony murder doctrine; that he could not now be convicted of murder because of the changes to Penal Code section 188.

The trial court set the matter for an evidentiary hearing, at which the prosecution, relying on the record from the underlying trial, argued that Gilbert was guilty of second degree murder because he "took out a gun, aimed the gun at Mr. Stanton, pulled the trigger, and shot Mr. Stanton in the head from 12 feet away, and then let him bleed out in the room, and then covered him up with plastic, rolled him up in a car, dragged him out to try to get him into his [truck].  That was unsuccessful, so the victim was lit on fire there in the driveway."  The prosecution argued that appellant intended to kill Stanton when he "cocked the hammer of the gun, pointed it at Stanton and pulled the trigger."

The defense introduced no evidence and admitted that Gilbert fired the shot that killed Stanton, but argued that he may have fired the gun to protect himself because Stanton was acting aggressively and would not take his hands out of his pocket when asked to do so or that the gun may have accidentally discharged. Counsel argued that because there were two reasonable interpretations of the evidence, the court was required to accept the one pointing to a manslaughter, not a murder.

The court found that the prosecution proved beyond a reasonable doubt that Gilbert did not act in self defense, that the shooting was not an accident, and that Gilbert was ineligible for resentencing. It therefore denied the petition.

Gilbert appeals.

We appointed counsel to represent Gilbert on appeal. After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On October 27, 2022, we sent letters to Gilbert and appointed counsel, directing counsel to forward the appellate record to Gilbert and advising him that within 30 days he could personally submit any contentions or issues that he wished us to consider.

Gilbert filed a supplemental brief, arguing his current appellate counsel provided ineffective assistance by raising no issues.

We disagree, and have otherwise examined the entire record and find no arguable issue exists. We are therefore satisfied that Gilbert's attorney complied with the responsibilities *Wende* imposes.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED

                                                    CHANEY, J.

We concur:


        BENDIX, J. Acting P. J.


        WEINGART, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.